IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 19-00211-03-CR-W-DGK |
| ) | |
| DERRICK C. DAVIS, ) | |
| ) | |
| Defendant. ) | |

ORDER

Pending before the Court is defendant Derrick C. Davis's Motion for Reconsideration of Detention (Doc. #49). In addition to this pleading, the Court has reviewed the Pretrial Services Report (Doc. #34), the Order of Detention Pending Trial (Doc. #39), the transcript of the detention hearing held before the undersigned (Doc. #53), the Government's Response Opposing Defendant's Motion to Reconsider Pretrial Detention (Doc. #55), and a letter from defendant Davis's physician (Doc. #56).

I. DISCUSSION

18 U.S.C. § 3142(f) provides that a detention hearing may be reopened under the following circumstances:

> The [detention] hearing may be reopened . . . if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

18 U.S.C. § 3142(f).

Defendant Davis argues that there has been a change in circumstances since the detention hearing and provides the following in support of his argument to reconsider detention:

> 5. Defendant Davis argues that there has been a change in circumstances. The state matter (Case No. 1916-CR002262), noted by the Special Assistant U.S. Attorney Mary Kate Butterfield at his detention hearing has been dismissed. The defendant argues that the matter currently before the Court while serious, remains an allegation and he doesn't have a criminal conviction history that would indicate that he is a threat to the safety of any individual or to the community.
>
> 6. Defendant Davis' record consists of only this pending matter before the Western District of Missouri. The Defendant has no outstanding warrants.
>
> 7. The defendant is currently jailed at the CoreCivic Detention Center in Leavenworth, Kansas. Based on his limited contact with the criminal justice system and the increased risk to his health due to the current pandemic, defendant Davis argues that his motion merits the Court's serious consideration. The defendant suffers from asthma and has been asthmatic since early childhood.

(Motion for Reconsideration of Detention at 1-2; Doc. #49.)

While the Court was made aware of state charges that were pending against defendant Davis at the time of the detention hearing, the Court finds that the dismissal of those charges does not have a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of defendant Davis and the safety of the community. Likewise, the increased risk to defendant Davis's health due to the current pandemic does not have a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of defendant Davis and the safety of the community. As set out in the Order of Detention Pending Trial, defendant Davis did not introduce sufficient evidence to rebut the presumption under 18 U.S.C. § 3142(e)(3). Neither the dismissal of the state charges nor defendant Davis's health risks rebuts this presumption. Further, as noted in the Order of Detention Pending Trial, the Court was particularly concerned that the defendant had been linked

2

to firearms on two occasions despite the defendant's condition of bond that he possess no firearms and the defendant was alleged to have been involved in a high speed chase with police wherein he was successful in evading arrest. Neither the dismissal of the state charges nor defendant Davis's health risks negates these concerns. Finally, the Court notes that at the conclusion of the detention hearing, the defendant became belligerent with the Court and with the Deputy United States Marshals. The conduct exhibited by the defendant solidifies the Court's decision as to the defendant's flight risk and safety concerns. The Court finds that reopening the detention hearing for a reconsideration of detention is not warranted under section 3142(f).

With respect to arguments made by defendants for release from detention due to health risks brought on by detention during the current pandemic, courts have looked to 18 U.S.C. § 3142(i). *See United States v. Clark*, No. 19-40068-01-HLT, 2020 WL 1446895, at *3 (D. Kan. Mar. 25, 2020), "whether a defendant's particular circumstances warrant release in light of the COVID-19 pandemic ought to [be] more properly considered on a case-by-case basis under the 'another compelling reason' prong of § 3142(i)." Section 3142(i) states in part:

> The judicial officer may, by subsequent order, permit the temporary release of the person . . . to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason.

18 U.S.C. § 3142(i). The *Clark* court set out the following factors to be considered by a court in making the determination of whether a defendant's COVID-19 concerns present a compelling reason for release:

> (1) the original grounds for the defendant's pretrial detention, (2) the specificity of the defendant's stated COVID-19 concerns, (3) the extent to which the proposed release plan is tailored to mitigate or exacerbate other COVID-19 risks to the defendant, and (4) the likelihood that the defendant's proposed release would increase COVID-19 risks to others.

2020 WL 1446895, at *3.  The Court will examine each of these factors.

With respect to the first factor, a presumption exists in this case that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed an offense under 18 U.S.C. § 924(c), i.e. that defendant Davis possessed and brandished a firearm in furtherance of a crime of violence.  Further, as noted in the Order of Detention Pending Trial, the Court was particularly concerned that the defendant had been linked to firearms on two occasions despite the defendant's condition of bond that he possess no firearms and the defendant was alleged to have been involved in a high speed chase with police wherein he was successful in evading arrest.  The Court finds that the original grounds for defendant Davis's pretrial detention are strong.

With respect to the second factor, defendant Davis has provided evidence that he suffers from asthma and has been asthmatic since early childhood.  (*See* Doc. #56.)  In response to the defendant's concerns regarding the threat of exposure at CoreCivic, the government advised:

> . . . On August 31, 2020, undersigned counsel contacted Supervisory Deputy United States Marshal (SDUSM) Shane VanMeter to inquire about protocols in place at CoreCivic.  SDUSM VanMeter confirmed all detention facilities, including CoreCivic, utilized by the United States Marshals Service in the Western District of Missouri have protocols in place to address the Covid-19 threat.  All of these facilities are monitoring their respective prisoner populations for any signs of the virus (among other infectious diseases and general illness) and have an action plan in place should a detainee be diagnosed with COVID-19.  The speculative prospect of a COVID-19 outbreak at CoreCivic does not diminish the danger the defendant poses to the public.

(Doc. #55 at 9-10.)  On September 17, 2020, the Marshals advised the Court:  "Core Civic has no active cases.  They have only had one inmate test positive during the entire pandemic and he has recovered."  (Doc. #57.)

4

While defendant Davis's underlying medical condition *might* put him at an increased risk of severe illness from COVID-19, he is detained at a facility that has implemented measures to minimize the likelihood of the virus entering and/or spreading within the facility. "The mere possibility of an outbreak at his facility does not equate to a compelling enough reason to justify his release." *United States v. Smoot*, No. 2:19-CR-20, 2020 WL 1501810, at *3 (S.D. Ohio Mar. 30, 2020). *See also United States v. Clark*, No. 19-40068-01-HLT, 2020 WL 1446895, at *5 (D. Kan. Mar. 25, 2020) (argument that an outbreak is inevitable is speculative); *United States v. Lunnie*, No. 4:19-cr-00180 KGB, 2020 WL 1644495, at *3 (E.D. Ark. Apr. 2, 2020) (same). The Court finds that the defendant's stated concerns are too speculative or generalized to favor release.

With respect to the third factor, defendant Davis has not provided the Court with a proposed release plan. The release plan which was previously proposed at the detention hearing, i.e. that defendant Davis reside with his mother, is not acceptable to the Court.

With respect to the fourth factor, courts have consistently looked to the potential risks to law enforcement officers, pretrial services officers, and others should a defendant violate conditions of release. *See United States v. Bracey*, No. 15-cr-235(2) (JNE/TNL), 2020 WL 1809187, at *6 (D. Minn. Apr. 9, 2020); *United States v. Boatwright*, No. 2:19-cr-00301-GMN-DJA, 2020 WL 1639855, at *8 (D. Nev. Apr. 2, 2020); *United States v. Smoot*, No. 2:19-CR-20, 2020 WL 1501810, at *3 (S.D. Ohio Mar. 30, 2020); *United States v. Clark*, No. 19-40068-01-HLT, 2020 WL 1446895, at *7 (D. Kan. Mar. 25, 2020). This Court originally detained defendant Davis because it found that he was a risk of nonappearance and a danger to the community. Given the considerations discussed above, the Court believes that the

defendant will likely violate any conditions of release it may impose if it were to issue a temporary release order.

The Court concludes that defendant Davis "has not established compelling reasons sufficient to persuade the court that temporary release is necessary." *United States v. Clark*, No. 19-40068-01-HLT, 2020 WL 1446895, at *8 (D. Kan. Mar. 25, 2020).

Accordingly, it is

ORDERED that Defendant's Motion for Reconsideration of Detention (Doc. #49) is denied.

*/s/ Lajuana M. Counts*
Lajuana M. Counts
United States Magistrate Judge